UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAHMEL THOMPSON,

                    Petitioner,

          -against-

JOHN B. LEMKE,

                  Respondent.

------------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

08-CV-3426 (ARR)

ROSS, United States District Judge:

       By petition dated August 3, 2008, *pro se* petitioner Rahmel Thompson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed *in forma pauperis* is granted. Pursuant to Rule 4 of the Rules Governing Section 2254 cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations enunciated in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## Background

       On May 22, 2003,[1] petitioner was convicted of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, before the

---

[1] The petition lists the date of conviction as April 30, 2008, which is incorrect. See People v. Thompson, 29 A.D.3d 923 (N.Y.A.D. 2d Dep't 2006) (noting that petitioner was convicted on May 22, 2003).

New York Supreme Court, Queens County, and sentenced to 18 years to life imprisonment. See Petition at ¶¶1-4. On May 23, 2006, the Appellate Division for the Second Department affirmed the conviction, People v. Thompson, 29 A.D.3d 923 (2d Dep't 2006), and the New York Court of Appeals denied leave to appeal on July 20, 2006, People v. Thompson, 7 N.Y.3d 795 (2006). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶ 9(f).

## Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. See 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[2] the instant petition appears untimely.

---

[2] Petitioner does not state any facts indicating that subsections (B)-(D) are applicable.

Petitioner's conviction became final on or about October 18, 2006, when the 90-day period for seeking a writ of certiorari expired. <u>Lawrence v. Florida</u>, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); <u>Williams v. Artuz</u>, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before October 18, 2007. Because this petition was filed on August 3, 2008, 290 days after the one-year limitations period had expired, unless tolling is applicable, it is barred as untimely by 28 U.S.C. § 2244(d).

<u>Tolling</u>

**A.**     **Statutory Tolling**

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" when calculating the one-year statute of limitations period. 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not commence the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

According to petitioner, he filed a writ of *error coram nobis* with the Appellate Division and a post-conviction motion under C.P.L. §440.10 with the trial court. <u>See</u> Petition at 3-4. Because petitioner did not enumerate the dates he filed the writ of *error coram nobis* and the § 440 motion, nor the dates of any appeals related thereto, the court cannot determine how much time, if any, may be tolled under § 2244(d)(2).

**B.**     **Equitable Tolling**

Additionally, the limitations period may be equitably tolled if petitioner can demonstrate

3

that (1) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). In its current form, the petition does not enumerate a basis to support equitable tolling.

## Conclusion

Accordingly, the court directs petitioner to show cause by written affirmation, within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Memorandum and Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       August 28, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

RAHMEL THOMPSON,

                Petitioner,

    -against-

JOHN B. LEMKE,

               Respondent.

_____X

**PETITIONER'S
AFFIRMATION**

**08-CV-3426 (ARR)**

      RAHMEL THOMPSON, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code

2